UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAREN M. BASTEDO,

                           Plaintiff,

                                                                <u>DECISION AND ORDER</u>

                                                                       10-CV-6162L

                      v.

NORTH ROSE-WOLCOTT CENTRAL
SCHOOL DISTRICT,

                           Defendant.
_____

## **INTRODUCTION**

      Plaintiff Karen M. Bastedo ("Bastedo"), proceeding *pro se*, brings this action against the North Rose-Wolcott Central School District (the "District"), alleging discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §§12101 et seq.

      This action was commenced on March 22, 2010 (Dkt. #1). Plaintiff simultaneously filed a motion to proceed *in forma pauperis*, which was denied by order of the Hon. Michael A. Telesca on March 26, 2010 (Dkt. #3). On April 29, 2010, plaintiff moved for an order pursuant to Fed. R. Civ. Proc. 4(c)(3) authorizing service of the Summons and Complaint on the District by the United States Marshal Service (Dkt. #4). That motion was granted on July 27, 2010, by order of the Hon. William M. Skretny (Dkt. #5). On or about September 25, 2010, plaintiff mailed a copy of the Summons and Complaint, along with the necessary forms, fees and application documents for service, to the U.S. Marshals Service ("Marshals") (Dkt. #9 at 2). The Marshals effected service on the District by mail on or about October 1, 2010.

      The District now moves for dismissal of this action pursuant to Fed. R. Civ. Proc 12(b)(5), on the grounds that it was not served with process within the 120-day period specified in Fed. R. Civ.

Proc. 4(m). For the following reasons, that motion is denied, and plaintiff is afforded an extension of time to serve, retroactively. With such an extension, the prior service was timely, and the District is therefore directed to answer the Complaint.

## DISCUSSION

Generally, where a litigant applies for *in forma pauperis* status, which confers the automatic right to service of process by U.S. Marshals, the 120-day time limit for service of process pursuant to Fed. R. Civ. Proc. 4(m) is tolled during the pendency of that motion. *See Schweitzer v. Crofton*, 2010 U.S. Dist. LEXIS 90656 at *23-*24 (E.D.N.Y. 2010) (collecting cases); *Romand v. Zimmerman*, 881 F. Supp. 806, 810-811 (N.D.N.Y. 1995) (a complaint is not considered properly filed until after the accompanying motion for *in forma pauperis* is decided). This case presents a somewhat novel situation, in that plaintiff's 120-day service period expired after her *in forma pauperis* application was denied, but during the time her motion for service by the U.S. Marshals, which was ultimately successful, was still pending. Plaintiff states that upon receipt of Judge Skretny's order, she called the district court in Buffalo, New York to inquire about her time to serve, and was mistakenly "informed that the prescribed 120-day period [for service] commenced upon the date of [Judge] Skretny's order." (Dkt. #9 at 2).

Judge Skretny's order (Dkt. #5) did not grant plaintiff additional time to serve her complaint, the time for which had already expired when the order was entered. However, assuming *arguendo* that plaintiff's motion pursuant to Fed. R. Civ. Proc. 4(c)(3) did not toll the 120-day period for service, and recognizing that a plaintiff's mere "inadvertence, neglect, or mistake" do not constitute excusable good cause for a failure of timely service, I nonetheless find that plaintiff is entitled to an extension of time to have served the District. *See AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000).

"A court can exercise its discretion in granting an extension without good cause, rather than dismissing the case for improper service, considering the following factors: '(1) whether the

applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by granting plaintiff's request for relief from the provision.'" *Lumbermens Mut. Cas. Co. v. Dinow*, 2009 U.S. Dist. LEXIS 68658 at *10-*12 (E.D.N.Y. 2009), *quoting Kalra v. City of New York*, 2009 U.S. Dist. LEXIS 28857 at *12 (S.D.N.Y. 2009).

Concerning the first factor, "courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Beauvoir v. United States Secret Service*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006)(internal citations and quotation marks omitted). Here, the plaintiff's discrimination and retaliation claims were required to be brought in federal court, if at all, within 90 days of her agency "right to sue" letter, and therefore could not be reasserted in another action. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994).

The second factor also weighs in the plaintiff's favor. Having received service by mail on or about October 1, 2010 (which service was acknowledged in a return receipt executed by the District's School Business Administrator on or about November 8, 2010) and appeared in this action on October 27, 2010, the District is clearly on notice of this case. "In this regard, the 'core function' of service, that is, to supply notice of the legal action, has been satisfied." *See Lumbermens Mut. Cas. Co.*, 2009 U.S. Dist. LEXIS 68658 at *11, *quoting Henderson v. United States*, 517 U.S. 654, 671 (1996).

The third factor, whether the defendant attempted to conceal the defect in service, is neutral. The District made no attempt to conceal any defect, but timely moved to dismiss the action on the grounds of the allegedly untimely service.

The final factor, whether the District will be prejudiced by an extension, weighs in favor of plaintiff. The District offers no evidence that it would be prejudiced if an extension is granted.

In light of the pertinent considerations, and the long-standing judicial preference for deciding cases upon their merits, *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), I find that the District's motion to dismiss the Complaint for failure to timely effect service should be denied, and that plaintiff is entitled to an extension of time to serve the District.

Having found that plaintiff is entitled to an extension, the pertinent question becomes whether the mailed service effected by plaintiff through the Marshal's service on or about October 1, 2010 was sufficiently timely, or whether an even longer extension is necessary in order to allow plaintiff a fresh opportunity to effect proper service now.

The District argues that the Marshals' attempt to serve it by mail was improper, because it did not comply with Fed. R. Civ. Proc. 4(j)(2), which provides that certain state entities (such as a school district) may be served by personal service upon the executive officer, or by service "in the manner prescribed by that state's law." The District's argument rests solely upon the fact that the District's chief executive officer -- the superintendent -- was not personally served. (Dkt. #7-1 at ¶5).

However, I find that the mailed service of the Summons and Complaint, together with the acknowledgment executed by the District's School Business Administrator, does comport with the "manner prescribed by [New York] law" for alternative service upon, inter alia, a school district, as set forth in N.Y. Civ. Prac. Law and Rules ("CPLR") §312-a. N.Y. CPLR §312-a provides in relevant part, "[a]s an alternative to the methods of personal service authorized by section . . . 311 . . . of this article [which includes the manner of service required for a school district], a summons and complaint . . . may be served . . . by first class mail, postage prepaid," along with, "two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." N.Y. CPLR §312-a(a). *See generally* N.Y. CPLR §311(7) (pertaining to service upon school districts). The acknowledgment form is to be completed by the defendant or an "authorized employee" thereof, and once completed, comprises proof of service. N.Y. CPLR §312-a(b)(1).

That is precisely what appears to have been done here: the Summons and Complaint were mailed to the School District with a Statement of Service that explicitly referenced N.Y. CPLR §312-a and included the statutorily-prescribed language and acknowledgment form (Dkt. #11 at 2). The Marshals thereafter provided to plaintiff, and plaintiff filed with the Court, a copy of the acknowledgment form, which had been executed by the District's School Business Administrator on or about November 8, 2010, and returned to the Marshals.

The District makes no argument that this mailed service failed to satisfy the requirements of N.Y. CPLR §312-a, that the required number of copies and return envelope were not included, that the School Business Administrator was not an "authorized employee" to accept service, or that his acknowledgment did not comprise, as a matter of law, proof of service pursuant to N.Y. CPLR §312-a(b)(1). While the Court is aware that, "when a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service, " *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010), I find that the signed acknowledgment form, which is unchallenged by the District, provides sufficient proof of service in the manner prescribed by N.Y. CPLR §312-a.

The Court will not squander its resources to engage in the exercise of raising and addressing theoretical or "straw man" attacks upon its sufficiency, in the absence of some evidence or argument by the District suggesting that any deficiency actually exists. The District's failure to file a reply in further support of its motion, or in opposition to plaintiff's proffered proofs of service, further indicates that the District does not challenge the sufficiency of service "in the manner prescribed by [state] law." Fed. R. Civ. Proc. 4(j)(2).

I therefore find that plaintiff was (and is) entitled to an extension of the 120-day period for service of the Summons and Complaint until at least November 22, 2010 -- 120 days after the date of entry of Judge Skretny's July 25, 2010 Order granting plaintiff's motion for service by the Marshals. I also conclude that the District was properly and timely served on or before November 8, 2010, when it acknowledged service by mail pursuant to N.Y. CPLR §312-a.

**CONCLUSION**

For the foregoing reasons, the District's motion to dismiss (Dkt. #7) is denied, and the plaintiff's request for an extension of time in which to have effected service of process on the District is granted.  Plaintiff is granted an extension, *nunc pro tunc*, until November 22, 2010, and I find that service was already properly and timely made on the District on or before November 8, 2010.

The District is directed to file its Answer to the Complaint within twenty (20) days of entry of this order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 26, 2011.